UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AHLYAH AIDA C.,

                Plaintiff,                **ORDER**

        -against-                  24 Civ. 3644 (AEK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Presently before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and a corresponding request for a *nunc pro tunc* extension of time to file the motion.  ECF No. 24.

## BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) against the Commissioner of Social Security ("Commissioner") on May 12, 2024.  ECF No. 1.  On November 1, 2024, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  ECF Nos. 16-17.  On January 13, 2025, the parties submitted a proposed stipulation and order remanding the case for further administrative proceedings, ECF No. 21, which was signed by the Court later that day, ECF No. 22.  Judgment was entered in favor of Plaintiff on January 13, 2025, ECF No. 23, and the case was remanded on January 17, 2025.

On April 17, 2025, Plaintiff's counsel filed the instant motion.  In the accompanying memorandum of law, counsel conceded that the deadline to submit the application for EAJA fees was April 14, 2025, but requested that the Court grant a three-day *nunc pro tunc* extension of the deadline and accept the motion as filed.  ECF No. 25 ("Pl.'s Mem.") at 1 n.1.  On May 1, 2025,

the Commissioner filed a letter stating that he deferred to the Court as to whether Plaintiff's *nunc pro tunc* extension should be granted, but requested time to submit a substantive response to the EAJA fee application should the Court allow the late filing. ECF No. 26. After the Court directed the Commissioner to provide his substantive response by May 20, 2025, ECF No. 27, the Commissioner did so, again deferring to the Court with respect to the *nunc pro tunc* extension and stating that the Social Security Administration otherwise had no objection to the requested EAJA fees. ECF No. 28.

## DISCUSSION

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees and other expenses under the EAJA must submit the application for fees and other expenses within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "Final judgment" is a judgment that is "final and not appealable, and includes an order of settlement." 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G). In other words, a judgment is "final" 60 days after the Clerk of Court enters judgment, and the motion for attorney's fees must be filed no later than 30 days later. *See* Fed. R. App. P. 4(a)(1)(B); 28 U.S.C. § 2412(d)(1)(B). Because judgment was entered on January 13, 2025, the judgment became final on March 14, 2025, and the motion was due—as Plaintiff's counsel correctly acknowledged—on April 14, 2025.

The deadline for filing an EAJA fee application is not jurisdictional. *See Robert Lee C. v. Saul*, No. 20-cv-6621, 2022 WL 6769001, at *2 (W.D.N.Y. Oct. 11, 2022). "Courts in the Second Circuit routinely apply the doctrine of equitable tolling to EAJA fee applications." *See*

2

*Janes v. Saul*, No. 18-cv-5054 (GBD) (SDA), 2020 WL 5261125, at *3 (S.D.N.Y. Feb. 5, 2020), *adopted by* 2020 WL 3056653 (S.D.N.Y. June 9, 2020).  A litigant seeking equitable tolling must show: (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in his or her way.  *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011); *see Charles v. Colvin*, No. 13-cv-3432 (FB), 2015 WL 403239, at *1 (E.D.N.Y. Jan. 29, 2015).  Regarding the second prong of this test, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."  *Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019) (summary order) (quoting *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)). The only explanation for the delayed filing offered by Plaintiff's counsel here is that he "miscalendared the deadline to file Plaintiff's application."  Pl.'s Mem. at 1 n.1.  Counsel does not elaborate on this or provide further justification.  This proffered explanation, without more, is insufficient to warrant tolling the 30-day statutory deadline to file an application for EAJA fees.

      Accordingly, by June 24, 2025, Plaintiff's counsel must file a submission—which may be in the form of a letter, supported by a sworn declaration as needed—providing a more robust factual explanation of the reasons for missing the deadline.  The submission also should include discussion of the standard for equitable tolling, and counsel's best explanation for why it would be appropriate to apply the doctrine of equitable tolling based on the facts and circumstances

presented here. Alternatively, if counsel no longer wishes to pursue the application for EAJA fees, he must file a letter by June 24, 2025 to request that the motion for attorney's fees be deemed withdrawn.

Dated: June 13, 2025
       White Plains, New York

                                            **SO ORDERED.**

                                            _____
                                            ANDREW E. KRAUSE
                                            United States Magistrate Judge

Case 7:24-cv-03644-AEK   Document 29   Filed 06/13/25   Page 4 of 4